UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAMES ERNEST CONYERS, JR.,

        Plaintiff,                Case No. 1:07-cv-579

v.                                          Honorable Robert Holmes Bell

UNKNOWN DESCHAINE,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed in forma pauperis. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff is currently incarcerated at Boyer Road Correctional Facility (OTF), serving a term of incarceration of forty months to five years for aggravated stalking, MICH. COMP. LAWS § 750.411i.  In his *pro se* complaint, Plaintiff sues OTF Resident Unit Manager (Unknown) Deschaine.  Plaintiff alleges violations of his Eighth Amendment rights because of the conditions of his confinement.  Plaintiff asserts that he is exposed to tobacco in the air and on the ground and that the other inmates are loud and are serving time for violent offenses.  (Compl. at 4, docket #1.) Plaintiff also asserts that "[t]he sidewalks have cracks in them, particularly on the tennis, shuffleboard, and running area.  The basketball (indoor) floor, also has cracks and crevices."  (Id.) Plaintiff further alleges that Assistant Resident Unit Manager (Unknown) Steele told other inmates that Plaintiff told ARUS Steele that the other inmates were violating rules.[1]  (Id. at 4.)  In a supplemental statement, Plaintiff alleges that he has "been threatened by staff and inmate's [sic]." (Supp. at 1, docket #3.)

Plaintiff seeks monetary damages in the amount of $10,000.00, a transfer to a lower security facility, an order requiring OCF to be closed and renovated and requiring bottled water to be added to the commissary.  (Compl. at 5.)

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the

---

[1] Plaintiff does not list ARUS Steele as a defendant in his original complaint.  ARUS Steele, however, is listed as a defendant on Plaintiff's supplement.  The Court will read Plaintiff's complaint indulgently, treat ARUS Steele as properly listed on the complaint and address Plaintiff's claims relating to ARUS Steele.

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Environmental Tobacco Smoke

Plaintiff alleges an Eighth Amendment claim against Defendant based on his exposure to Environmental Tobacco Smoke (ETS) during his incarceration in OTF, which is "only partially tobacco free." (Compl. at 4.) Plaintiff alleges that this exposure poses a risk of damage to his future health. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment also obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A prison official violates the Eighth Amendment when he or she is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

*Helling v. McKinney,* 509 U.S. 25 (1993), is the seminal Supreme Court case governing exposure to ETS in the prison setting. In *Helling*, a prisoner initiated a § 1983 action against prison officials claiming that his involuntary exposure to ETS from a cellmate[2] posed an

---

[2] The cellmate in *Helling* smoked five packs of cigarettes a day. *Helling,* 509 U.S. at 35.

unreasonable risk of serious damage to his future health in violation of the Eighth Amendment. *Helling*, 509 U.S. at 35. The Supreme Court affirmed the decision of the Court of Appeals to remand the case to the district court to allow the prisoner an opportunity to prove both the subjective and objective elements necessary for an Eighth Amendment violation. *Id*. Relevant to the objective element is whether the prisoner endured unreasonably high exposure to ETS that society would consider violative of contemporary standards of decency. *Id.* at 35-36. Relevant to the subjective element is whether prison officials had exhibited deliberate indifference with regard to the dangers of a prisoner's exposure to ETS. *Id*. at 36.

Plaintiff fails to satisfy the objective component for an Eighth Amendment violation. To prove the objective element, the prisoner must first show that he has been exposed to unreasonably high levels of ETS.[3] *Id.* at 35. "More than mere scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will be caused by exposure to ETS" is necessary to establish the objective component. *Id.* at 36. Second, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.* Plaintiff made only vague allegations that he was exposed to ETS and that there was "tob[acco] prod[uct] on the floor and in the air" during his incarceration in OTF. (Compl. at 4.) Importantly, Plaintiff failed to provide any evidence measuring or quantifying his level of exposure. Plaintiff's conclusory allegations regarding the level of ETS, and tobacco generally, to which he was exposed fail to support the objective component of an Eighth Amendment claim. *See Lillard v. Shelby*

---

[3]"Plainly relevant to this determination" was the fact that plaintiff in *Helling* had been moved to a different prison and was "no longer the cellmate of a five-pack-a-day smoker." *Helling,* 509 U.S. at 35. The Supreme Court also observed that the prison had adopted a formal smoking policy restricting smoking to certain areas and where wardens could, contingent on space availability, designate non-smoking areas in dormitory sections. *Id.* at 35-36. The Supreme Court noted that the changed policies could make it impossible for the plaintiff to prove that he would be exposed to an unreasonable risk of ETS with respect to his future health. *Id.* at 36.

*County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).

The Supreme Court in *Helling* did not mandate smoke free prisons. *Williams v. Howes,* No. 1:05-cv-817, 2007 WL 1032365, at *14 (W.D. Mich. Mar. 30, 2007) (citing *Scott v. Dist. of Columbia*, 139 F.3d 940, 942 (D.C. Cir. 1998) and *Mansoori v. Lappin,* No. 04-3241-JAR, 2007 WL 401290, at *10 (D. Kan. Feb. 1, 2007)). A prisoner's exposure to smoke must cause more than mere discomfort or inconvenience. *Talal v. White,* 403 F.3d 423, 426 (6th Cir. 2005). Plaintiff does not present any evidence that his exposure to ETS caused him anything beyond discomfort. In his complaint, he does not allege any serious medical problems related to the ETS exposure such as asthma or allergies or even the duration of his exposure. *See Oliver v. Deen*, 77 F.3d 156, 159-61 (7th Cir. 1996) (an asthmatic inmate's assignment to cells with smoking inmates for 133 days resulting in ETS exposure which aggravated the plaintiff's asthma and necessitated his increased use of an inhaler failed to satisfy the objective component); *Williams,* 2007 WL 1032365, at *15 (asthmatic inmate's exposure to ETS during a seven-month period failed to satisfy the objective component).

It is also obvious from the case law in this area that the risk of which Plaintiff complains is one that today's society chooses to tolerate. *See Griffin v. DeRosa*, 153 F. App'x 851, 853 (3d Cir. 2005) (a prisoner's allegation that he had been exposed to ETS in inadequately ventilated restrooms over twenty months failed to show that the prisoner was exposed to unreasonably high levels of ETS contrary to contemporary standards of decency); *Hankins v. Bethea*, No. CIVA 0:05-3334 DCNBM, 2007 WL 172509, at *6 (D.S.C. Jan. 18, 2007) ("[e]xposure to

moderate levels of cigarette smoke is a common fact of contemporary life, and [p]laintiff has failed to present evidence to show that the amount of ETS he was exposed to during the relatively short [5-month] period of time set forth in his [c]omplaint was at such an unreasonably high level that it violated contemporary standards of decency"); *Colon v. Sawyer*, No. 9:03-CV-1018 LEK/DEP, 2006 WL 721763, at *9 (N.D.N.Y. Mar. 20, 2006) (asthmatic plaintiff's claim that "he [was] housed in a dormitory unit where smoking [was] permitted, and that he [was] subjected to ETS near the dining hall entrance and exit, as well as his speculation that such circumstances 'may result in catastrophic harm to [him],' . . ., simply [did] not describe conditions that rise to a level which today's society chooses not to tolerate"); *see also Conyers v. Mich. Dep't of Corr.*, No. 5:06-cv-100, 2006 WL 2644990, at *6 (W.D. Mich. Sept. 14, 2006). Therefore, Plaintiff's allegations fail to satisfy the objective element for an Eighth Amendment claim.

Plaintiff further fails to meet the subjective element of the *Helling* test, i.e., that Defendants were deliberately indifferent to his exposure to unreasonably high levels of ETS. OTF prison officials had appropriate policies in place. Policy Directive 01.03.140 states that smoking is prohibited in prisoner housing units. *See* MICH. DEP'T OF CORR., Policy Directive 01.03.140, ¶ B. The adoption of the MDOC's no smoking policy and the prison officials' current attitude and conduct, which reflect a "zero tolerance" for smoking in the housing units, bears heavily on the deliberate indifference inquiry. *Helling*, 509 U.S. at 36. Plaintiff complains that Defendants did not enforce the smoking policy. It is well established that imperfect enforcement of a non-smoking policy does not rise to the level of deliberate indifference. *Talal*, 403 F.3d at 427; *Wilson v. Hofbauer*, 113 F. App'x 651, 652 (6th Cir. 2004) (imperfect enforcement of MDOC Policy Directive 01.03.140, which prohibited smoking in all occupied buildings, including housing units, "show[ed],

at most, negligence by the defendants, rather than deliberate indifference"); *Moorer v. Price*, 83 F. App'x 770, 773 (6th Cir. 2003) (imperfect enforcement of MDOC Policy Directive 01.03.140 does not equate to deliberate indifference). Therefore, I conclude that Plaintiff's allegations fail to state an Eighth Amendment claim.

### B. Cracked Floors

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Plaintiff's complaint that there are cracks in the sidewalks and on the "tennis, shuffleboard, and running area" clearly does not amount to an Eighth Amendment violation. Although the cracks may be unsightly, they do not constitute a " denial of 'the minimal civilized measure of life's necessities.'"

### C.      Threats

Use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions.  *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. No. 02-6366, 2003 WL 22097827, at *3 (6th Cir.  Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997)(verbal harassment is insufficient to state a claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at * 3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at * 2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment.").

Plaintiff's claims are vague, stating only that he was threatened by staff.  Plaintiff does not allege the specific nature of the threats or that he suffered any physical harm resulting from the alleged threats.  The Sixth Circuit has held that conclusory unsupported statements are insufficient to state a claim.  *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001).  Furthermore, conclusory allegations of unconstitutional conduct without specific factual

allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir.1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendants arising from alleged verbal abuse.

### D. Personal Safety

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To establish a violation of this right, Plaintiff must show that Defendant was deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-881 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242-43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety.") Plaintiff alleges that ARUS Steele told "the other inmate's [sic] that [Plaintiff] have told [sic] them [OTF staff] that they [other inmates] are viol[ating] rules." (Compl. at 4.) In his Supplement, Plaintiff alleges that another inmate threw water on his bunk. (Supp. at 1.) Plaintiff, however, makes no allegation that that incident, or any other incident, was a result of Defendant Steele's alleged statements. In fact, Plaintiff makes no allegations as to

what Defendant Steele's alleged statements were, who they were made to or when they were made. Therefore, Plaintiff fails to state and Eighth Amendment violation.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:  July 9, 2007                         /s/  Joseph G. Scoville
                                             United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).